IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yam D. Ibanez-Vazquez (Y-37755), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 5269 |
| v. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| Thomas Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant's motion to dismiss [46] is granted. Plaintiff's complaint is dismissed with prejudice for failure to state a claim as it is time-barred. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Final judgment shall enter.

**STATEMENT**

Plaintiff Yam D. Ibanez-Vazquez, a prisoner at Sheridan Correctional Center, brought this *pro se* civil action under 42 U.S.C. § 1983. Defendant has moved to dismiss the matter, arguing that Plaintiff's claim is time-barred. Plaintiff responded to the motion [48] seeking to be allowed to proceed with his claim. Importantly, Plaintiff does not dispute any of the relevant dates.

Legal Standard

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *Zahn v. N. Am. Power & Gas, LLC,* 815 F.3d 1082, 1087 (7th Cir. 2016). The court considers "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth by the opposition, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to the plaintiff as those materials allow. *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016).

Background

On August 2, 2019, Plaintiff's complaint and application to proceed *in forma pauperis* (IFP) was received. On August 8, 2019, the Court denied Plaintiff's IFP petition without prejudice because it was not accurately completed. Plaintiff was also ordered to show cause why his IFP was submitted with incorrect information. Plaintiff was given until September 6, 2019, to show cause and to either submit a new IFP petition or pay the $400 filing fee. On September 16, 2019, the

matter was dismissed without prejudice for Plaintiff's failure to comply with the Court's previous order.

On October 15, 2019, Plaintiff sought reconsideration of the dismissal of his case. That motion was denied without prejudice on October 16, 2019, because Plaintiff had still not complied with the Court's August 8, 2019 order. On November 18, 2019, Plaintiff submitted a motion for attorney representation and responded to the Court's show cause order. On November 22, 2019, Plaintiff's belated motion for attorney representation was denied and Plaintiff was again reminded that if he wanted to proceed with the case, he needed either to pay the filing fee or submit a new IFP petition.

On December 13, 2019, Plaintiff submitted a letter asking how he should pay the filing fee. On December 23, 2019, the Court addressed the letter, informing Plaintiff how to pay the filing fee (as it had in its previous orders).

On January 28, 2020 Plaintiff paid the $400 filing fee. On January 31, 2020, Plaintiff's complaint was accepted. Plaintiff was allowed to proceed on an excessive force claim against an unknown correctional officer based on allegations that the officer handcuffed Plaintiff for a prolonged period of time on September 4-5, 2017, causing severe pain. Plaintiff alleged that the officer ignored Plaintiff's pleas to adjust the handcuffs due to severe pain he was experiencing. Because Plaintiff did not know the identity of the officer involved, named as "unidentified correctional officer" in the complaint, Sheriff Thomas Dart was retained as a nominal Defendant to allow Plaintiff to learn the identity of the unidentified Defendant.

Plaintiff was informed at that time that he must determine the name of the individual allegedly responsible for the conduct described in the complaint. In order to do so, after Plaintiff had obtained service on Sheriff Dart and defense counsel has entered an appearance, Plaintiff had to serve interrogatories on counsel to obtain information regarding the identity of the unidentified officer responsible for the alleged conduct. When that process was complete, Plaintiff was to submit an amended complaint identifying the person by his/her actual name so that he/she may be served. Plaintiff was encouraged to do this as soon as possible in light of the two-year statute of limitations and applicable tolling rules.

Beginning March 16, 2020, all deadlines were extended a total of 77 days by General Orders due to the COVID-19 pandemic. On July 23, 2020, Plaintiff submitted a motion to continue, arguing that he needed more time to "file current and future documents such as discovery." That motion was denied on July 27, 2020, as no continuance was needed because a discovery schedule had not yet been ordered. The Court reminded Plaintiff, however, that he needed to identify the unidentified Defendant and again provided instructions about how to do so. On October 23, 2020, Plaintiff submitted his amended complaint, identifying the unidentified Defendant as D. Heidewald. Defendant Heidewald now moves to dismiss, arguing that Plaintiff's claim is time-barred.

Analysis

"Section 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims." *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Plaintiff's constitutional claim thus follows Illinois' two-year limitations period for typical personal injury claims. *Id.*; *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019 (citing 735 ILCS 5/13-202). Although state law governs the statute of limitations period for § 1983 claims, the "accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007). A Section 1983 claim accrues at "the first moment at which [the plaintiff] had a complete and present cause of action." *Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir. 2020) (en banc). Generally, a claim of excessive force under § 1983 "accrues immediately" at the time the alleged excessive force occurs. *Evan v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).

In addition to the forum state's limitations period, "'federal courts must 'also borrow[ ] the state's tolling rules—including any equitable tolling doctrines.'" *Johnson*, 272 F.3d at 521 (quoted case omitted); *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011) (a state's "limitations period is applied in its entirety, complete with related tolling provisions") (citing *Hardin v. Straub*, 490 U.S. 536, 538 (1989)).

"While equitable tolling is recognized in Illinois, it is rarely applied." *Am. Family Mut. Ins. Co. v. Plunkett*, 14 N.E.3d 676, 681 (Ill. App. 1st Dist. 2014). It exists only "where a plaintiff was prevented from asserting his or her rights in some extraordinary way." *Ralda-Sanden v. Sanden*, 989 N.E.2d 1143, 1149 (Ill. App. 1st Dist. 2013). "Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Id.* (citing *Thede v. Kapsas*, 897 N.E.2d 345, 352 (Ill. App. 3rd Dist. 2008).

Here, Plaintiff's excessive force claim accrued on September 5, 2017, at the end of the time that Plaintiff alleges the Defendant kept him handcuffed in a manner that caused severe pain. In his response, Plaintiff argues that the statute of limitations should not accrue until December 2018, when he received an MRI that indicated a tear in his shoulder providing "solid evidence" that his injury was caused by the excessive force incident. However, Plaintiff knew on September 4-5, 2017, that the alleged excessive force caused him an injury. Plaintiff alleges that the manner in which he was handcuffed caused severe pain at that time. In addition, in his appeal of his grievance on October 11. 2017, Plaintiff stated that the manner he was handcuffed "can cause severe damage like it did to me." (Dkt. 13, pg. 4.) Thus, the statute of limitations accrued on September 5, 2017. *See Manuel v. City of Joliet*, 903 F.3d 667, 669 (7th Cir. 2018) (when addressing the accrual of the statute of limitations, "we speak of a continuing wrong, not of continuing harm; once the wrong ends, the claim accrues even if that wrong has caused a lingering injury"); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) ("[A] cause of action accrues when the plaintiff knew or should have known that it had sustained an injury."); *Olson v. City of Chi.*, 553 F. App'x 641, 643 (7th Cir. 2014) ("statute of limitations is measured based on the timing of the injury, not the length of its lingering effects"); *Davis v. Milwaukee Cty.*, No. 16-CV-715-BBC, 2017 WL 58866, at *2 (W.D. Wis. Jan. 5, 2017) (the statute of limitations begins

3

to run when a plaintiff has notice of his injury, not when he discovers additional evidence to help him prove his claim).

Plaintiff did submit his complaint and IFP application on August 2, 2019, before the expiration of the two-year limitations period of September 5, 2019. However, Plaintiff's complaint was not "filed" until January 28, 2020, when he paid the filing fee.

A "civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3, and a complaint is filed when the complaint is submitted to the clerk, accompanied by the appropriate filing fee. Local Rule 3.3. If a plaintiff is unable to pay the filing fee, he may submit an application seeking leave to proceed *in forma pauperis*, and the court "may authorize the commencement" of the suit "without prepayment of fees and costs." 28 U.S.C. § 1915(a). If the IFP is granted, the complaint is deemed filed either on the date of the judge's order, ... or ... as of the time the complaint was received by the clerk." Local Rule 3.3. If the IFP is rejected, the complaint is deemed "filed" when the filing fee is paid. *Williams-Guice v. Board of Education of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995); *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 597 (7th Cir. 1989). The only tolling of the limitations period was between August 2, 2019 and August 8, 2019, while Plaintiff's IFP was pending. *Williams-Guice*, 45 F.3d at 162. Thus, absent equitable tolling, Plaintiff's claim is time-barred.

Plaintiff argues that he is not legally trained, and he thought the limitations clock would cease to run when he filed suit. However, his lack of knowledge or incorrect understanding of the law does not constitute an extraordinary barrier to filing suit in a timely manner. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of legal knowledge), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir.2001); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (explaining that "reasonable mistakes of law are not a basis for equitable tolling" even if the plaintiff is *pro se*).

Lastly, Plaintiff points to delays in being able to "get things done" due to COVID-19 restrictions at the prison, such as the inability to go to the law library. However, any COVID-19 restrictions occurred after the limitations period had already run. Plaintiff does not argue any additional reasons to equitably toll the limitations and the Court discerns none.

Defendant also argues that Plaintiff's claim against him is time-barred because he was not identified and named as the proper defendant until October 2020, and any claim against him did not relate back to when the complaint was filed. *See* Fed. R. Civ. P. 15(c)(1)(C); *Krupski v. Costa Cruciere*, 560 U.S. 538 (2010). That fact specific analysis, *Krupski*, 560 U.S. at 548 ("Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint."), need not be addressed here because even if the amended complaint naming Heidewald related back to the filing of the complaint, the claim was already time-barred as addressed above.

Accordingly, Defendant's motion to dismiss is granted and the Court dismisses Plaintiff's complaint with prejudice for failure to state a claim. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (dismissal for failure to state a claim may be appropriate where plaintiff pleads facts establishing that his claims are time-barred). The dismissal of this case counts as a dismissal under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 2/18/2021        /s/ John J. Tharp, Jr.
                       John J. Tharp, Jr.
                       United States District Judge